1  FIDELITY NATIONAL LAW GROUP
   A Division of Fidelity National Title Group, Inc.
2  CHRISTOPHER E. DEAL (Bar No. 186754)
   MICHAEL CHANG (Bar No. 211004)
3  17911 Von Karman, Suite 300
   Irvine, California 92614-6253
4  Telephone: (949) 622-4303
   Facsimile: (949) 622-4132
5

6  Attorneys for Plaintiff
   TICOR TITLE COMPANY OF CALIFORNIA
7

**FILED**

**MAR 29 2011**

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

8

## UNITED STATES BANKRUPTCY COURT

9

## CENTRAL DISTRICT, CALIFORNIA

10

### SATNA ANA DIVISION

11

12  In re                                    )  CASE NO. 8:10-bk-15094-ES
                                             )
13  MIKE RAFIPOOR, an individual             )  ADV. CASE NO. _____
                                             )
14           Debtor,                         )
                                             )
    _____  )  COMPLAINT TO DETERMINE
15                                           )  DISCHARGEABILITY OF DEBT
    TICOR TITLE COMPANY OF                   )  [11 U.S.C. §§ 523]
16  CALIFORNIA,                              )
                                             )
17                                           )
             Plaintiff,                      )
18                                           )
        vs.                                  )
19                                           )
    MIKE RAFIPOOR, also known as             )
20  MOHAMMED RAFIPOOR and MICHAEL            )
    RAFIPOOR, an individual,                 )
21                                           )
             Defendants.                     )
22  _____  )

23       Plaintiff TICOR TITLE COMPANY OF CALIFORNIA ("Ticor") alleges as follows:

24                          **GENERAL ALLEGATIONS**

25       1.      This Court has jurisdiction to determine this Adversary Proceeding under 11 U.S.C.

26  § 523.

27       2.      The determination of the dischargeability of a debt of Debtor/Defendant, also known

28

1  as Mohammed Rafipoor and Mike Rafipoor ("Rafipoor" or "Defendant"), is a core matter. The

2  determination of any damages, costs or attorneys fees to compensate Ticor is a related matter.

3       3.    Plaintiff is informed and believes and thereon alleges that Rafipoor is, and at all time

4  metioned was, an individual and resident of the County of Orange, State of California.

5       4.    On or about April 20, 2010, Defendant filed his Bankruptcy Petition in the underlying

6  case (Case No. 8:10-bk-15094-ES), a Chapter 7 "no asset" case. Rafipoor did not identify Ticor as

7  either a secured on unsecured creditor in the Petition schedules. Ticor is informed and believes that

8  it has sustained additional damages as direct and proximate result of the failure by Rafipoor to

9  schedule Ticor as a creditor in his Chapter 7 case, or to otherwise have given Ticor notice of his

10 Chapter 7 case, even though all of the facts which gave rise to Ticor's claims against Rafipoor were

11 known to Rafipoor at the time he commenced his Chapter 7 case.

12                               **COUNT ONE**

13                [For Determination of a Debt Under 11 U.S.C. § 523(a)(2)]

14      5.    Plaintiff realleges each and every allegation contained in Paragraphs 1 through 4 of

15 the General Allegations, and incorporates them herein as if they were set forth in full.

16      6.    As set forth herein, Rafipoor made a number of representations to Ticor with respect

17 to the nature of certain transactions, which representations were false and were intended to and did

18 deceive Ticor into performing certain actions as described herein, which resulted in significant

19 damage to Ticor which is believed to exceed $2,000,000. Ticor is informed and believes that each

20 of these Representations regarding these transactions was false when made by Rafipoor. On or about

21 February 23, 2001, Orbital International Properties Limited ("Orbital") recorded a deed of trust (the

22 "Orbital Deed of Trust") against the real property located at 10 Coral Reef, Newport Beach,

23 California (the "Property"). The Deed of Trust, which was recorded as Instrument No. 20010607700

24 in the Official Records of Orange County, purportedly secured loans provided in 1998 by

25 Manufacturers Bank to Rafipoor. These loans were thereafter assigned and/or purchased by Orbital

26 (the "Orbital Loans").

27      7.    Ticor is informed and believes and thereon alleges that the current collective

28 principal balance of the Orbital Loans is in excess of $2,000,000.

17911 Von Karman,
Suite 300
Irvine, CA 92714-6253

L41562                          - 2 -                        Ticor Complaint

8.    In December 2005, Rafipoor obtained loans of $1,767,500 and $252,500 from Countrywide Home Loans, Inc. ("Countrywide").    These loans, which paid off two prior Countrywide loans, were secured by deeds of trust (the "Countrywide Deeds of Trust") against the Property.

9.    Ticor is an escrow company and underwritten title insurer that does business in Orange County. Ticor handled the refinance escrow for the December 2005 Countrywide loans and insured the Countrywide Deeds of Trust.

10.    In July 2007, Rafipoor and/or someone acting on Rafipoor's behalf (collectively "Rafipoor"), spoke with Ticor's title employee and title officer, Cindy Fern, in relation to a pending real estate transaction for the Property.    Ticor is informed and believes and thereon alleges that Rafipoor was trying to get a title insurance policy issued in relation to a transfer of the Property to a business associate, Massy Farzine. Rafipoor requested that Ticor record a deed conveying title to Ms. Farzine and issue Farzine a title insurance policy insuring her ownership of the Property. During one or more of these conversations with Ms. Fern, Rafipoor informed Ms. Fern that the Orbital Deed of Trust was still showing as a lien against the Property, and was preventing him from transferring the Property or otherwise hindering his ability to close any real estate transaction involving the Property.

11.    Ticor is informed and believes that Rafipoor knew these representations were false when made, or that Rafipoor made the representations recklessly and without regard for their truth.

12.    Ticor is informed and believes that Rafipoor made or connived in the making of the false representations for the purpose of inducing Ticor to cause the Orbital Deed of Trust to be released, without fair compensation or adequate protection of Ticor's interests.

13.    At the time that Ticor agreed to perform the acts described herein, Ticor was unaware of the falsity of the representations made by Rafipoor, and reasonably believed them to be fair and accurate.

14.    During one or more of these conversations in July 2007, Rafipoor represented to Ms. Fern that the Orbital Loans had been satisfied, and that the Orbital Deed of Trust was no longer a valid lien against the Property. During one or more of these conversations, Rafipoor requested that

1  pursuant to California Civil Code 2941(b) Ticor execute and record a release of obligation releasing

2  the Orbital Deed of Trust.

3      15.  In reasonable reliance upon Rafipoor and/or his agent's representations that the

4  Orbital Deed of Trust had been satisfied, and that the Orbital Deed of Trust was no longer a valid

5  lien against the Property, and without knowledge that those representations were in fact false, on

6  August 27, 2007, Ticor executed and recorded a release of obligation (the "Release"), releasing the

7  Orbital Deed of Trust.

8      16.  At the time that Rafipoor informed Ticor that the Orbital Deed of Trust had been

9  satisfied, and that the Orbital Deed of Trust was no longer a valid lien against the Property, Rafipoor

10  knew that these representations were false, and that Ticor would act in reliance on these material

11  misrepresentations.

12      17.  In or around August 2010, Ticor discovered for the first time, that Rafipoor's

13  representations regarding the satisfaction of the orbital Deed of Trust were in fact false.  This

14  discovery was made when, on August 9, 2010, Orbital filed a lawsuit against Ticor in relation to the

15  Release. In the state court proceeding entitled *Orbital v. Ticor Title Co. et al.*, Los Angeles Sup. Ct.

16  Case No. GC 045758 (the "Orbital Action"), Orbital claims, among other things, that Ticor: (1)

17  failed to give timely notice of its intent to record the Release; and (2) wrongfully recorded the

18  Release. Ticor denies these claims., and has appeared and defended itself in the Orbital Action.

19      18.  In the Orbital Action, Orbital seeks damages against Ticor in excess of $2,000,000.

20  Accordingly, as a result of Rafipoor's material misrepresentations regarding the Orbital Deed of

21  Trust, Ticor faces potential liability in excess of $2,000,000.

22      19.  The aforementioned conduct of Rafipoor constituted intentional misrepresentation

23  of facts with the intent of deceiving Ticor to its material detriment so as to justify an award of

24  exemplary and punitive damages.

25      20.  As a result of Rafipoor's material misrepresentations, Ticor has been required to

26  retain counsel to prosecute this action and will continue to incur costs and attorneys fees to its

27  detriment in an amount subject to proof at the time of trial.

28      21.  As a direct and proximate result of Rafipoor's false representations, Ticor has

17911 Von Karman,
Suite 300
Irvine, CA 92714-6253

1    incurred damages the total of which is presently unknown and will be proved at trial, but which is

2    presently believed to exceed $2,000,000, plus prejudgment interest, expert witness fees, and

3    attorneys' fees and costs.

4        22.   Rafipoor's actions constituted fraud, oppression, and malice entitling Ticor to

5    exemplary and punitive damages.

6        23.   By reason of the false pretenses, false representations, and/or actual fraud by

7    Rafipoor, Ticor's claim for repayment of the debt found owing to it by Rafipoor is not dischargeable

8    in bankruptcy by operation of 11 U.S.C. § 523(a)(A).

9    **COUNT TWO**

10    [Willful and Malicious Injury - 11 U.S.C. § 523(a)(6)]

11        24.   Plaintiff realleges each and every allegation contained in Paragraphs 1 through 23

12    herein, and incorporates them herein as if they were set forth in full.

13        25.   At the time the representations were made by Rafipoor and at the time Ticor took

14    the actions herein alleged, Ticor is informed and believes and thereon alleges that Rafipoor did

15    all those things referred to in this Complaint willfully and without justification and excuse, with

16    knowledge of their consequences, and in direct and actual breach of those duties which he owed

17    to Ticor. Rafipoor knew or should have known that, had Ticor known that Rafipoor's

18    representations were false and were in fact intended to deceive Ticor, Ticor would not have

19    caused the Orbital Deed of trust to be released. Ticor's reliance on Rafipoor's representations

20    was reasonable and justified.

21        26.   Rafipoor's actions constituted fraud, oppression, and malice entitling Ticor to

22    exemplary and punitive damages.

23        27.   By reason of Rafipoor's willful and malicious actions described herein, Ticor's

24    claim for repayment of the debt found owing to it by Rafipoor is not dischargeable in bankruptcy

25    by operation of 11 U.S.C. §523(a)(6).

26    WHEREFORE, Plaintiff seeks entry of judgment against Debtor/Defendant Rafipoor as follows:

27    ///

28    ///

17911 Von Karman,
Suite 300
Irvine, CA 92714-6253

L41562          - 5 -          Ticor Complaint

**AS TO COUNT ONE:**

1.      For a decree that Ticor's claim be excepted from discharge pursuant to 11 U.S.C. Section 523(a)(2);

**AS TO COUNT TWO:**

2.      For a decree that Ticor's claim be excepted from discharge pursuant to 11 U.S.C. Section 523(a)(6);

**AS TO ALL COUNTS:**

3.      For costs of suit incurred herein, including reasonable attorneys' fees as permitted by law;

4.      For compensatory damages according to proof, plus prejudgment interest;

5.      For punitive and exemplary damages; and

6.      For such other relief as the Court may deem proper.


FIDELITY NATIONAL LAW GROUP


Dated: March 28, 2011          By: _____
                                      Christopher E. Deal
                                      Attorney for Plaintiff TICOR TITLE
                                      COMPANY OF CALIFORNIA

17911 Von Karman,
Suite 300
Irvine, CA 92714-6253

L41562                                    - 6 -                        Ticor Complaint

FORM B104 (08/07)                                                                                                                    2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| **PLAINTIFFS** TICOR TITLE COMPANY OF CALIFORNIA | **DEFENDANTS** MIKE RAFIPOOR, aka MOHAMMED RAFIPOOR, aka MICHAEL RAFIPOOR, an individual |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>CHRISTOPHER E. DEAL<br>17911 Von Karman Avenue, Ste. 300<br>Irvine, CA 92614 | **ATTORNEYS** (If Known) |

| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>X Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>X Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
11 U.S.C. Section 523

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
X 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
X 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

RECEIVED
MAR 2 9 2011
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

CCD-B104

FORM B104 (08/07), page 2                                              2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR** | | **BANKRUPTCY CASE NO.** |
| MIKE RAFIPOOR, aka MOHAMMED RAFIPOOR, aka MICHAEL RAFIPOOR | | 8:10-bk-15094-ES |
| **DISTRICT IN WHICH CASE IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| Central District of California | Santa Ana | Erithe A. Smith |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| Mohsenian; Comerica | Mike Rafipoor | 8:10-ap-01354-ES; 8:10-ap-01356-ES |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| Central District of California | Santa Ana | Erithe A. Smith |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|
| |

| **DATE** | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** |
|---|---|
| March 2 9, 2011 | Christopher E. Deal |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.